**UNITED STATES of America,**

v.

**Yonis Muhudin ISHAK,
et al., Defendants.**

**No. 1:11–cr–261.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 9, 2011.

7.   Plaintiff shall initiate the phone call and, once all parties are on the line, shall call Chambers at (215) 597-4073.

Claire M. Murray, Mary K. Daly, Michael J. Frank, U.S. Attorney's Office, Alexandria, VA, for United States of America.

### *ORDER*

T.S. ELLIS, III, District Judge.

This seventeen-defendant, two-count superseding indictment charges all defendants in Count One with conspiracy to distribute and possess with the intent to distribute cathinone, a Schedule I controlled substance contained in the khat plant, in violation of 21 U.S.C. § 846; thirteen of the seventeen defendants are also charged in Count Two with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Defendants have collectively filed more than fifty pretrial motions. Among these are the following motions for designation of evidence:

(i) Ismail Abdi's Motion for Rule 12(d) Designation (Doc. 119);

(ii) Harun Salhan's Motion for Rule 12(d) Designation (Doc. 123);

(iii) Osman Yusuf's Motion for Designation of Evidence Pursuant to Federal Rule of Criminal Procedure 12(d) and Incorporated Memorandum of Law (Doc. 133); and.

(iv) Motion of Defendant Abduulkadir Ali Isse for Order Directing Government to Designate Evidence to Be Used in its Case in Chief (Doc. 138).

Oral argument concerning these motions for designations is dispensed with because the existing record adequately sets forth the facts and legal contentions necessary' to decide the motions, and oral argument would not aid the decisional process.

## I.

At issue here is the government's obligation under Rule 12(b)(4)(B), Fed. R.Crim.P.[1] Defendants argue that the Rule requires the government to identify specifically all evidence pertinent to those defendants that the government intends to offer in its case-in-chief. This argument amounts, in essence, to a claim that the Rule requires the government to disclose its trial exhibit and witness list where a defendant files a request. The government sharply disagrees and responds that it has exceeded its obligations under Rule 16, Fed.R.Crim.P., by making pertinent materials available in easily accessible formats, and that Rule 12(b)(4)(B) requires nothing more at this early stage. The text and purpose of the Rule compel the conclusion that the government is essentially correct.

Analysis of this issue properly begins with Rule 12(b)(4)(B)'s text, which provides that:

At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Rule 12(b)(4)(B), Fed.R.Crim.P. The Advisory Committee's Note accompanying the Rule makes clear that, consistent with its text, the Rule's core purpose is to ensure that a defendant *"can make his motion to suppress prior to trial"* by "request[ing] the government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16." Rule 12, Fed. R.Crim.P. Advisory Committee's note (emphasis added).

Rule 12(b)(4)(B) is therefore limited in two important respects. The first limitation operates as a restriction on the purpose for which a Rule 12(b)(4)(B) request may be made. The Rule entitles defendants to notice of evidence that the government intends to use only insofar as that notice would "provide the defendant with sufficient information to file the necessary suppression motions." *United States v. Lujan,* 530 F.Supp.2d 1224, 1246 (D.N.M.2008); *accord United States v. Lanier,* 578 F.2d 1246, 1254 (8th Cir.1978) (emphasizing that the predecessor to Rule 12(b)(4)(B) "contemplates motions filed in preparation for actual or potential motions to suppress evidence"). Requiring the government at the pretrial stage to notice its intent to offer certain evidence, as Rule 12(b)(4)(B) does upon a proper request, "preserves the integrity of a trial by not interrupting it with suppression motions." *United States v. de la Cruz–Paulino,* 61 F.3d 986, 994 (1st Cir. 1995); *accord* 1A Charles A. Wright & Andrew D. Leipold, *Federal Practice & Procedure: Criminal* § 195, at 451 (4th ed. 2008) (stating that Rule 12(b)(4)(B) is "intended to facilitate the making of a pretrial motion for the suppression of evidence")Thus, the government's obligation under Rule 12(b)(4)(B) ends when it has made disclosures that sufficiently allow the defendants to make informed decisions whether to file one or more motions to suppress. In this respect, the Rule "was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3)." *de la Cruz–Paulino,* 61 F.3d at 994; *accord Lujan,* 530 F.Supp.2d at 1246 (stating that the Rule's purpose is "not to reveal the government's trial strategy"). Put differently, defendants cannot invoke Rule 12(b)(4)(B)

---

[1]. Three of the four motions requesting Rule 12 designations mistakenly cite Rule 12(d), which the government correctly notes is the predecessor to what is now Rule 12(b)(4)(B).

"to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics." *United States v. El–Silimy,* 228 F.R.D. 52, 57 (D.Me.2005). In sum, the Rule does not require the government to disclose its exhibit and witness list at this time. *See Lujan,* 530 F.Supp.2d at 1246.[2]

■■■ What Rule 12(b)(4)(B) does require is that the government respond to a defendant's request for notice whether the government intends to offer specific evidence that the request identifies. This is the second limitation: In order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with speci-

ficity.[3] Rule 16 requires that the government disclose certain evidence to a defendant. The task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to that defendant.[4] Of course, once the defendant has flagged potentially suppressible evidence among the Rule 16 disclosures, filing a motion to suppress this evidence would waste time and resources if the government does not intend to offer it. To avoid needless expense and trial disruption, Rule 12(b)(4)(B) allows a defendant to require that the government disclose whether the government intends to offer the "specified evidence" during its case-in-chief. Rule 12, Fed. R.Crim.P. Advisory Committee's note.[5] The

2. Some courts take a different view of Rule 12(b)(4)(B)'s function and construe it as requiring, in effect, disclosure of the government's trial exhibit list on a defendant's request. *See, e.g., United States v. Anderson,* 416 F.Supp.2d 110, 112 (D.D.C.2006) (ordering pursuant to the Rule that "the government must notify defendant of the evidence ... that will appear on the government's exhibit list for trial"). This view is unpersuasive; it ignores the Rule's text, purpose, and proper relationship to Rule 16, Moreover, "[h]ad the rule contemplated a detailed exhibit list, it could have stated so expressly." *Lujan,* 530 F.Supp.2d at 1246.

Other courts have held that Rule 12(b)(4)(B) imposes no further obligation on the government once it has made all disclosures that Rule 16 requires. *See, e.g., United States v. Fiel,* No. 3:10–cr–170–7, 2010 WL 3291826, at *2 (E.D.Va. Aug. 19, 2010) ("The disclosure requirements of Rule 12(b)(4)(B) are coextensive with that required under Rule 16(a)(1)(E)."); *United States v. Mote,* No. 3:07cr144, 2010 WL 2404360, at *5 (M.D.Pa. June 10, 2010); *United States v. Jones,* No. CR 109–73, 2009 WL 2557208, at *1 (S.D.Ga. Aug. 18, 2009). These decisions may miss the mark insofar as, contrary to Rule 12(b)(4)(B)'s purpose, they give defendants inadequate notice of what potentially suppressible evidence might actually be offered in the government's case-in-chief. *See United States v. Cheatham,* 500 F.Supp.2d 528, 534–35 (W.D.Pa.2007) (concluding, consistent with the result reached here, that the government merely having an open-file policy "does not comply with Rule 12(b)(4)(B) because it does not specify which evidence the government intends to use at trial") (quotation marks omitted). Also consistent are other courts' holdings that the government's notice of intent to use *all* evidence disclosed under Rule 16 satisfies its obligation under Rule 12(b)(4)(B). *See, e.g., United States v. Brock,* 863 F.Supp. 851, 868 & n. 33 (E.D.Wis.1994); *United States v. Imadu,* No. 3:06–cr–150, 2006 WL 2265437, at *2 (M.D.Fla. Aug. 8, 2006).

3. Although well-reasoned in its analysis of Rule 12(b)(4)(B)'s purpose, *Lujan,* in attempting to pioneer a "middle ground," held that Rule 12(b)(4)(B) requires the government to notify continually what evidence disclosed under Rule 16 the government does *not* intend to use in its case-in-chief. *See* 530 F.Supp.2d at 1245; *id.* at 1246 ("If the United States knows that it does not intend to introduce any [particular] evidence ... then it must notify Defendants of this fact immediately, with a continuing obligation to supplement....."). This understanding fails to consider that, for purposes of Rule 12(b)(4)(B), a defendant needs to know that the government does not intend to offer particular evidence only if the defendant contemplates moving to suppress that evidence.

4. *See United States v. Norman,* No. 05–CR–30015, 2005 WL 2739082, at *2 (S.D.Ill. Oct. 24, 2005) (stating that Rule 12(b)(4)(B) "docs not provide a basis for Defendant to request that the government identify evidence that 'might be suppressive'"); *United States v. Bunch,* No. 3:09–cr–127, 2009 WL 4784637, at *2 (E.D.Tenn. Dec. 8, 2009) (emphasizing that Rule 12(b)(4)(B) does not "require the Government to undertake its own assessment of whether any [ ] evidence might be 'arguably subject to suppression'"). This task remains the defendant's even when the defendant must review a large volume of disclosed material. *See United States v. Koschtschuk,* No. 09–CR–96, 2010 WL 584018, at *10 (W.D.N.Y. Feb. 16, 2010) (finding "no basis for the government to more specifically identify the evidence that it intends to use" even despite "the burden placed on defendants in having to review the many hours of electronic intercepts").

5. *Accord United States v. Morrow,* No. Crim.A. 04–355, 2005 WL 3163806, at *2 (D.D.C. Apr. 13, 2005) (granting Rule 12(b)(4)(B) motion "to the extent that [defendant] makes *specific* requests

Rule thereby "streamlines the suppression process because the defendant can avoid moving to suppress evidence the Government does not intend to use." *United States v. Smith,* 277 Fed.Appx. 187, 191 (3d Cir.2008); *accord* Rule 12, Fed.R.Crim.P. Advisory Committee's note ("[R]ule 12 makes it possible for [a defendant] to avoid the necessity of moving to suppress evidence which the government does not intend to use.").

■ These two limitations make clear that Rule 12(b)(4)(B) is not a discovery rule defining what material the government must produce; that is the function of Rule 16. *See United States v. Osberger,* No. 8:08CR289, 2009 WL 529210, at *3 (D.Neb. Mar. 2, 2009) (stressing that the Rule is "not a discovery device" and that "the defendant is not entitled to have the government outline its case"). Rather, Rule 12(b)(4)(B) is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence—probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief. *See United States v. Western Titanium,* No. 08–CR–4229, 2010 WL 4117294, at *3 (S.D.Cal. Oct. 18, 2010) ("Rule 12(b)(4)(B) does not appear to be intended as a means to enable defendants to pinpoint particular pieces of evidence subject to suppression, but as a means to identify evidence for which a motion to suppress is not required.").

■ It is also clear in light of the two limitations described above that defendants' instant motions for Rule 12 disclosures do not satisfy the Rule and therefore do not trigger the government's notice obligation thereunder. First, defendants appear to invoke Rule 12(b)(4)(B) for an improper purpose. The Rule does not exist to help defendants "prepare a proper and effective defense" in so broad a sense. Yusuf Mot. 1; *accord* Abdi Mot. 1–2 (citing grounds as

"to otherwise prepare our defense"); Salhan Mot. 1 ("This request is made to permit the defense to properly prepare in this matter....").[6] Its purpose is far narrower, namely, to facilitate the timely filing of focused suppression motions and to avoid the needless filing of motions to suppress evidence that the government has no intention of presenting. *United States v. Candelaria–Silva,* 162 F.3d 698, 702 (1st Cir.1998). Second, to the extent that defendants seek "to know what evidence the United States intends to use at trial in order to file additional motions pretrial (such as motions in limine),"[7] defendants' requests that the government designate "its evidence"[8] and any "calls," "transcripts," and "physical evidence" pertaining to the defendants[9] are insufficiently specific. Any request under Rule 12(b)(4)(B) must identify evidence with sufficient specificity that the government can readily ascertain the particular evidence referenced. Only then can the government effectively provide notice whether it intends to offer that particular evidence in its case-in-chief. The motions therefore fail for want of proper purpose and sufficient specificity under Rule 12(b)(4)(B). *See United States v. Bunch,* No. 3:09–CR–127, 2009 WL 4784637, at *2 (E.D.Tenn. Dec. 8, 2009) (denying similar motions as "over-broad and inappropriate").

## II.

Accordingly, for these reasons and for good cause,

It is hereby **ORDERED** that the motions to compel the government to designate evidence it intends to use at trial are **DENIED IN PART** and **DENIED IN PART AS MOOT.** The motions are **DENIED** in that defendants are not entitled to the government's trial witness and exhibit lists at this time. The motions are **DENIED AS MOOT**

for *Brady* and Jencks materials") (emphasis added).

**6.** *See de la Cruz–Paulino,* 61 F.3d at 993 (stating that the Rule "is 'a matter of procedure' rather than a rule designed to ensure fairness at trial") (quoting Rule 12, Fed.R.Crim.P. Advisory Committee's note); *El–Silimy,* 228 F.R.D. at 57 (de-

nying Rule 12(b)(4)(B) motion where defendants brought it "only for a strategic purpose").

**7.** Salhan Mot. 1.

**8.** Salhan Mot. 1; Abdi Mot. 1.

**9.** Abdi Mot. 1; Isse Mot. 1; Yusuf Mot. 1.

with respect to designating GPS tracking data and wiretapped conversations insomuch as the government has already designated which information from these sources it intends to offer in its case-in-chief. *See* Gov't's Notice of Intention to Use Evid. 1–3, *United States v. Ishak*, No. 1:11cr261 (E.D.Va. Sept. 8, 2011) (Doc. 237); Gov't's Supp. Resp. to Def.'s Mot. to Suppress Evid. Obtained from GPS Tracking 6–7, *United States v. Ishak*, No. 1:11cr261 (E.D. Va. Sept. 8, 2011) (Doc. 239).

The defendants are hereby **ADVISED** that they need not file a motion in this Court in order to trigger the government's obligation under Rule 12(b)(4)(B). The Rule's plain language allows any defendant to submit a request directly to the government identifying specified evidence and requesting that the government stale whether it intends to offer this evidence in its case-in-chief. *See* Rule 12(b)(4)(B), Fed.R.Crim.P. The government is hereby **DIRECTED** to respond diligently to any such request received. For good cause shown, if the government denies a defendant's request or fails to respond to such a request within a reasonable time, the defendant may file a motion to compel a response from the government provided that the defendant attaches an accompanying motion for leave to file.[10]

The Clerk is directed to send a copy of this Order to all counsel of record.

---

10. Rule 12(b)(4)(B) does not provide for a sanction in the event that the government fails to comply with the Rule, but every court of appeals that has considered the issue has noted that the remedy of exclusion "requires a defendant to demonstrate prejudice or bad faith. . . ." *Smith,* 277 Fed.Appx. at 192; *accord Candelaria–Silva,* 162 F.3d at 702 ("[A] defendant must prove that the alleged violation prejudiced his case."); *United States v. Valencia,* 656 F.2d 412, 416 (9th Cir.1981).